UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
THE SIDING AND INSULATION CO., :
f/k/a THE ALUMINUM SIDING & :
INSULATION CO., INC., an Ohio :
corporation, individually and as the :
representative of a class of similarly- :
situated persons, : CASE NO. 1:11-CV-01074
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 23]
BEACHWOOD HAIR CLINIC, INC. :
:
Defendant. :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this putative class action alleging conversion and violations of the federal Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227), Defendant Beachwood Hair Clinic, Inc., moves the Court to stay this action pending resolution of *Mims v. Arrow Fin. Servs., LLC*, 421 F. App'x. 920 (11th Cir. Nov. 30, 2010), *cert. granted*, 131 S.Ct. 3063 (U.S. June 27, 2011) (No. 10-1195), which is currently on appeal before the Supreme Court. [Doc. 1; Doc. 23.] Plaintiff, The Siding and Insulation Co., f/k/a The Aluminum Siding and Insulations Co., opposes the motion. [Doc. 24.] For the following reasons, this Court **DENIES** the Defendant's motion to stay.

**I. Background**

The Plaintiff in this action challenges the Defendant's alleged practice of faxing

-1-

Case No. 1:11-CV-01074
Gwin, J.

advertisements without the recipient's prior express invitation or permission. The Plaintiff says that the Defendant faxed unsolicited facsimiles to the Plaintiff and others in violation of the federal Telephone Consumer Protection Act ("TCPA"). [Doc. 1.] Currently before the Supreme Court is an action that will shed light on subject matter jurisdiction in private TCPA actions. *Mims v. Arrow Fin. Servs., LLC*, 421 F. App'x. 920 (11th Cir. Nov. 30, 2010), *cert. granted*, 131 S.Ct. 3063 (U.S. June 27, 2011) (No. 10-1195). The Supreme Court recently granted certiorari to resolve the issue of whether the federal district courts enjoy federal question jurisdiction over private TCPA actions. *Id.*

## II. Legal Standard

It is well established that it is within the discretion of a federal court to stay an action, incidental to its power to control its docket. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Here, though, the Court does not find that a stay is appropriate.

In *Landis,* the Supreme Court considered, among other factors, the potential for prejudice and the effect on judicial economy and efficiency in determining whether a stay should be granted. *Id*. The proponent of a motion to stay has the burden to show "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Ohio Envtl Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

## III. Analysis

First, this Court is not convinced that the Defendant will suffer a hardship or inequity in the

Case No. 1:11-CV-01074
Gwin, J.

absence of a stay. Here, the Defendant does not present a "pressing need for delay and that neither the other party nor the public will suffer harm from entry of the order." *Id*. Even if the Supreme Court later holds that federal district courts have no jurisdiction in private TCPA actions, the Plaintiffs are likely to refile this case in Ohio state court (where it was originally filed). [Doc 23.] Therefore, although *Mims* could have a dispositive effect on this court's jurisdiction, it will not have a dispositive effect on the case in general. Furthermore, any discovery could likely be used in that refiled case, and it would not promote judicial economy and efficiency to delay discovery.

In addition, some potential for prejudice against the Plaintiffs may occur if the proceedings are stayed. Physical evidence could be lost, and the memories of those with pertinent information will degrade while the parties await a Supreme Court opinion.

Finally, under current Sixth Circuit precedent, this Court has federal question jurisdiction over private TCPA actions. *See Charvat v. NMP, LLC*, 2011 WL 3805618, at *4 (6th Cir. Aug. 30, 2011); *Charvat v. Echostar Satellite, LLC,* 630 F.3d 459, 465 (6th Cir. 2010). This Court is bound by Sixth Circuit precedent unless the Supreme Court reverses or undermines it. *See, e.g.*, *Hall v. Eichenlaub*, 559 F.Supp.2d 777, 782 (E.D.Mich. 2008). Because *Charvat* says this Court has subject matter jurisdiction over this case, the mere possibility of an undermining decision by the Supreme Court does not compel a stay in this case.

Thus, the Court **DENIES** the Defendant's motion to stay the proceedings.

IT IS SO ORDERED.

Dated: September 8, 2011           *s/      James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE