UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

: 
THE SIDING AND INSULATION CO., :
f/k/a THE ALUMINUM SIDING & :
INSULATION CO., INC., an Ohio :
corporation, individually and as the :
representative of a class of similarly- :
situated persons, : CASE NO. 1:11-CV-01074
 :
      Plaintiff, :
 :
vs. : OPINION & ORDER
 : [Resolving Doc. No. 42]
BEACHWOOD HAIR CLINIC, INC. :
 :
      Defendant. :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This action is before the court on proposed-intervenor Acuity's motion for limited intervention pursuant to Federal Rule of Civil Procedure 24. [Doc. 42.] Neither Plaintiffs nor Defendant opposed the motion. For the following reasons, the Court **DENIES** Acuity's motion to intervene.

On May 26, 2011, Plaintiff Siding and Insulation Company filed a complaint against Defendant Beachwood Hair Clinic, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227(b)(1)(C). [Doc. 1.] On January 30, 2011, this Court granted the Plaintiff's motion for class certification. [Doc. 39.]

Acuity says that, during times relevant to the underlying action, it issued the Defendant commercial liability insurance policies. Acuity asks the court to "determine and state the nature and basis of any damages [against the Defendant] . . . and to declare that Acuity has no duty to

Case No. 1:11-CV-01074
Gwin, J.

indemnify [the Defendant]." [Doc. 42.] Therefore, Acuity claims, there is a justiciable controversy between Acuity and the Defendant, and Acuity is entitled to intervene under Federal Rule of Civil Procedure 24(a).

> Under Rule 24(a), an applicant may make an "Intervention of Right":
>
> claim[ing] an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). The applicant's "interest" in the action must be "sufficiently direct and immediate to justify his entry as a matter of right." *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 154 (1967). Acuity does not have an interest in the subject matter of the underlying action and its interest is neither direct nor immediate.

In *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products*, 725 F.2d 871, 873 (2nd Cir. 1984), the defendant's general liability insurer moved to intervene "for the limited purpose of submitting written interrogatories to the Court for submission to the jury, to be answered by the jury in the event that it returns a verdict awarding damages to plaintiff." The court of appeals affirmed the district court's denial of the motion to intervene. First, the court reasoned that the insurer's only interest was in the amount it might owe the insured—not in the underlying breach of contract action. Second, the court reasoned that the insurer's interest was contingent on both 1) a determination that the defendant was liable and 2) a determination that the insurer had a duty to indemnify the defendant under the insurance policy. *Id.* at 876. Therefore, the court concluded, the insurer-intervenor "did not satisfy the requirement of Rule 24(a)(2) that it 'claims an interest relating to the property or transaction which is the subject of

Case: 1:11-cv-01074-JG  Doc #: 49  Filed: 02/28/12  3 of 4.  PageID #: 1277

Case No. 1:11-CV-01074
Gwin, J.

the action'" *Id.* at 877 (citing Fed. R. Civ. P 24(a)(2)).

Similarly, in *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989), the court denied an insurer's motion to intervene, reasoning that "[t]his lawsuit involves the apportionment of tort liability, not the respective rights and obligations of an insured and his insurers under their insurance policy." The *Travelers* court noted that, where the insurer has not admitted that the insurance policy covers the claim, "the insurer's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue." *Id.* at 638.

The same is true here. The subject matter of the underlying action, alleged violations of the TCPA, has nothing to do with Acuity's interest. Acuity's interest is simply "the amount it will have to pay" Beachwood if the Plaintiffs win. 725 F.2d at 875. Accordingly, Acuity lacks a direct interest in the lawsuit between the Plaintiffs and the Defendant.

Moreover, Acuity's interest is entirely contingent on future events: the Plaintiffs' success in their claims against Beachwood and a determination of Acuity's duties under the insurance contract. Essentially, Acuity attempts to shoehorn its potential declaratory judgment contract claim into this TCPA class action. But whether Acuity's has any duty to Beachwood under their insurance contract is wholly a matter of state contract law and bears no relation to the underlying lawsuit. *See Travelers*, 884 F.2d at 640 ("We will not permit [the insurers] . . . to drag substantive issues of insurance law into a lawsuit whose subject matter is the allocation of liability among joint tortfeasors.")

Finally (and despite Acuity's failure to raise the issue) the Court considers permissive intervention under Rule 24(b)(1)(B). Acuity provides only one plausible reason for intervention—a determination of which (prospective) damages are punitive and which

-3-

Case No. 1:11-CV-01074
Gwin, J.

compensatory. This Court, however, tends to use specific verdict forms, so even that justification is thin. Therefore, Acuity both "lack[s] a substantial legal interest in the lawsuit," *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 784 (6th Cir. 2007), and fails to show that its interests are not "adequately represented by existing parties." *Id.*

Accordingly, Acuity's motion to intervene does not satisfy Rule 24(a) or (b), and the Court **DENIES** Acuity's motion to intervene.

IT IS SO ORDERED.


Dated: February 28, 2012           s/      *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE